UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20695-CV-GAYLES
(17-20255-CR-GAYLES)
MAGISTRATE JUDGE REID

DIONICO LEANDRO GARCIA CHERE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon Movant's Motion to Vacate pursuant to 28 U.S.C. § 2255 attacking the constitutionality of his convictions or sentences following a guilty plea in Case No. 17-20255-CR-GAYLES. [ECF No. 1].[1] This Cause has been referred to the Undersigned for consideration and report. *See* S.D. Fla. Admin. Order 2019-2. For the following reasons, the Motion should be **DISMISSED** as time-barred.

### II. Procedural Background

---

[1] This Report uses the citation "[ECF]" to reference docket entry numbers in the instant federal habeas case. Citations to "[CR ECF]" refer to docket entry numbers in the underlying criminal case.

Pursuant to a plea agreement, on August 18, 2017, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). [CR ECF No. 66]. The Court imposed a sentence of 84 months' imprisonment with a 3-year supervisory release period to follow. [*Id.*]. Petitioner did not appeal. Over two years later, Movant filed the instant Motion. [ECF No. 1].

### III. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") created a one-year limitation period for filing motions to vacate. The one-year period runs from the latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A. Section 2255(f)(1)

Under § 2255(f)(1), Movant was required to file a § 2255 motion within one year from the date the judgment of conviction became final. Although the terms "judgment of conviction" and "final" are not defined in § 2255(f), the Eleventh Circuit has consistently stated that a "judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F. 3d 1303, 1307 (11th Cir. 2011).

Federal Rule of Appellate Procedure 4 states that, in a criminal case, a defendant's notice of appeal must be filed within 14 days of the entry of the judgment or order being appealed or the filing of the government's notice of appeal, whichever is later. Fed. R. App. P. 4(b)(1). Because Movant did not file a notice of appeal, his conviction and sentence became final on the last day he could have filed one; August 14, 2017 (*i.e.*, 14 days after the entry of judgment).

Movant had one year from the time his conviction became "final" within which to timely file a motion to vacate under § 2255(f)(1). To be timely under § 2255(f)(1), the Motion should have been filed on or before August 14, 2018. Movant filed his Motion after that date. [ECF No. 1 at 12]. The Motion is, therefore, untimely under § 2255(f)(1).

In addition, Movant has not alleged any facts to support any of the exceptions listed in § 2255(f). Absent an equitable exception, the Motion is time-barred.

B. <u>Equitable Tolling</u>

A movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted); *see also Diaz v. Sec'y, Fla Dep't of Corr.*, 362 F. 3d 698, 702 (11th Cir. 2004) (characterizing the equitable tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence.").

The extraordinary circumstances must be circumstances beyond the petitioner's control. *See Hunter v. Ferrell*, 587 F. 3d 1304, 1308 (11th Cir. 2009). Furthermore, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (quotations omitted).

To support his theory that the Motion's untimeliness should be excused, Movant lists as follows: "(1) subject matter jurisdiction cannot be waived by guilty plea; (2) prosecutorial misconduct shocking to the conscience of the Court[;] and (3)

ineffective assistance of counsel implicating the jurisdiction of the Court." [ECF No. 1 at 10]. However, Movant provides no explanation for his delay in filing this Motion, demonstrating he has not pursued his rights diligently during postconviction. Movant cannot meet his burden at showing his diligence.

C. Actual Innocence

Actual innocence may sometimes serve to overcome a procedural bar caused by an untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013). To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

"Actual innocence claims must [] be supported 'with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" *Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008) (quoting *Schlup*, 513 U.S. at 324 (1995)). Movant bears the burden to adequately allege actual innocence. *Schlup*, 513 U.S. at 327.

Here, Movant does not claim actual innocence and, in fact, pled guilty to the offense. [ECF No. 1 at 10]. Because Movant cannot meet his burden, the Motion is time-barred.

5

## IV. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015). However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Diveroli*, 803 F.3d at 1263 (relying upon *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)); *cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief. The record and his allegations are sufficient to resolve this case.

## V. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a certificate of appealability,

6

prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

Where, as here, a district court denies a habeas action solely on procedural grounds, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims and procedural ruling debatable or wrong to merit a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 474, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

In this case, there is no basis to issue a certificate of appealability. If Movant disagrees, he should present his argument to the attention of the District Judge in objections.

## VI. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be **DISMISSED** as time-barred. [ECF No. 1]. In addition, an evidentiary hearing should be **DENIED**, and this Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED** and any pending motions should be **DENIED** as moot.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue

covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 24th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Dionico Leandro Garcia Chere
      14636-104
      D. Ray James
      Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 2000
      Folkston, GA 31537
      PRO SE

      Noticing 2255 US Attorney
      Email: usafls-2255@usdoj.gov